315 So.2d 15 (1975)
Frederick Merrill BROWN, Appellant,
v.
Margaret Amanda BROWN, Appellee.
No. 74-1177.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Rehearing Denied July 22, 1975.
*16 Swan & Summers, Richard Gale, Miami, for appellant.
Podhurst, Orseck & Parks, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Frederick Merrill Brown, the husband, appeals an order of the trial court denying his petition for modification of a final judgment of dissolution of marriage and other orders, seeking, inter alia, modification of visitation privileges, reduction in alimony and child support payments, reinstatement of the wife's obligation to pay mortgage payments, taxes and insurance on the family home and to require the wife to return one-half of the furniture and fixtures from the family home and to pay one-half of the mortgage payments on jointly held property.
The trial judge has broad discretion in determining the father's right to visitation, taking into consideration the children's welfare and best interest under the circumstances. Escobar v. Escobar, Fla. App. 1974, 300 So.2d 702. We find no abuse of discretion in this regard.
A party challenging a child support or alimony ruling has the burden of clearly showing that it represents an abuse of discretion. Morse v. Morse, Fla.App. 1966, 191 So.2d 449. Since this is a matter within the sound judicial discretion of the trial judge, an appellate court is not prone to substitute its judgment for that of the trial judge unless it affirmatively appears that the trial judge abused his discretion. Meltzer v. Meltzer, Fla.App. 1972, 262 So.2d 470. A fundamental prerequisite to modification of alimony or child support payments is a showing of substantial change of circumstances, including financial circumstances, of one or both of the parties. See Chastain v. Chastain, Fla. 1954, 73 So.2d 66; § 61.14(1), Fla. Stat. We have examined and assessed the record and find the trial court's decisions in this connection to be in satisfactory accord with the evidence and within the limits of its discretion.
The other matters raised on appeal are deemed to be without merit and will not be discussed.
For the reasons stated and upon authorities cited, the order on appeal is affirmed.