352 So.2d 140 (1977)
In re the MARRIAGE OF James M. JOHNSON, Husband and Sydna Cheryl Johnson, Wife.
No. GG-473.
District Court of Appeal of Florida, First District.
November 22, 1977.
*141 James M. Wallace, Bradenton, for appellant.
Joseph A. Sheffield of Roberts & Sheffield, Marianna, for appellee.
BOYER, Judge.
This is an appeal by the wife from that portion of an "Order Modifying Child Support and Visitation" reducing child support payments and retrospectively measuring delinquent child support payments by such reduced amount.
The husband petitioned for modification of child support on the grounds that: (1) He has since remarried, has changed jobs and is now making less than he was on the date of the final judgment, and (2) the wife herein is remarried. He also argues his lack of counsel at the time of dissolution.
The wife contends that the changed circumstances of the husband are voluntary in nature and cannot warrant a reduction in child support. The remarriage of the husband, with its attendant expenses, is neither relevant nor material to the issue of child support. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938) and Walden v. Walden, 114 So.2d 815 (Fla.2nd DCA 1959). In addition, the wife contends the record reveals that the husband's job changes were voluntary and, indeed, his present job has increased his earnings from what they were at the time of the dissolution.
We agree and reverse.
Florida courts have uniformly held that a reduction in child support may be warranted upon changed circumstances which are substantive, material, involuntary and permanent in nature. (See Bergh v. Bergh, 160 So.2d 145 (Fla.1st DCA 1964); Groves v. Groves, 260 So.2d 858 (Fla.1st DCA 1972); and Brown v. Brown, 315 So.2d 15 (Fla.3rd DCA 1975). The record sub judice reveals that while the husband does show certain changes in circumstances the changes were strictly voluntary in nature and cannot warrant a reduction in child support. As to the husband's lack of counsel at the time of dissolution, we agree with our sister court, the Fourth District, where that court stated in Hicks v. Hicks, 313 So.2d 64, 65 (Fla.4th DCA 1975):
"* * * Nor, in this context, is lack of advice of counsel such a ground; surely, a husband does not need a lawyer to advise him on the amount he should pay for child support."
Since we reverse on the reduction in child support, the reduction of delinquent child support payments is necessarily reversed.
The motion of appellant-wife for an award of fees and costs on account of legal services on appeal is GRANTED. The case is remanded to the trial court for determination and assessment of the amount of reasonable fees for the services of appellant's attorney on appeal. (See Dresser v. Dresser, 350 So.2d 1152 (Fla.App.1st DCA 1977).
Reversed and remanded with directions.
McCORD, C.J., and MELVIN, J., concur.