395 So.2d 1169 (1981)
Russell D. DEATHERAGE, Appellant,
v.
Lillian F. DEATHERAGE, Appellee.
No. 80-460.
District Court of Appeal of Florida, Fifth District.
February 25, 1981.
Rehearing Denied March 31, 1981.
Thomas C. Houck, Melbourne, for appellant.
Rex E. Moule of Reinman, Harrell, Silberhorn, Moule & Boyd, P.A., Melbourne, for appellee.
*1170 DAUKSCH, Chief Judge.
This is an appeal from an order modifying a final judgment in a marriage dissolution case. The final judgment incorporated a property settlement between the parties whereby the husband agreed to pay $100.00 a month for child support. The order modifying the final judgment increased the child support from $100.00 per month as agreed in the property settlement to $52.16 a week. Because the evidence is insufficient to support an increase in the amount of support the final judgment provided for the child, we reverse the order of modification.
A fundamental prerequisite to modification of child support payments is a showing of substantial change of circumstances, including financial circumstances of one or both of the parties. Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). This change in circumstances must be significant, material, involuntary, and permanent in nature. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). The party seeking modification has the burden of showing this change in circumstances. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978). And where, as here the amount of child support is based upon an agreement by the parties, a heavier burden rests upon the party seeking a modification than would otherwise be required. Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973). However, the matter of increase in child support payments is one largely within the sound judicial discretion of the trial court on consideration of the evidence. Accordingly, the party who challenges the correctness of increased allowance of child support has the burden of demonstrating on the record an abuse of discretion. McKenna v. McKenna, 220 So.2d 433 (Fla. 3d DCA 1969).
The father has met his burden of demonstrating an abuse of discretion. There was no evidence presented to the trial court that the father's circumstances had changed in any way. The father testified that he is still making $8.02 an hour, working forty hours a week, has no other income, and the financial affidavit that he had previously filed with the court at the time of the dissolution accurately reflects his present expenses. Since the dissolution, the wife has sold the marital home she received as lump sum alimony. She has continued to be employed as a dental assistant earning $170.00 a week. Her only change in circumstance is that she is now required to pay $310.00 a month rent for a house.
The order modifying the final judgment is reversed as there is no evidence in the record of a substantial change in circumstances of the husband or wife.
The father also appealed the award of attorney's fees to the appellee, claiming that she was in a financial situation equal to or better than that of appellant. The general rule is that the purpose in awarding attorneys' fees is to ensure that both parties will reasonably have the same ability to secure competent counsel. Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). It is error to award a spouse attorney's fees if both spouses are on an equal footing to secure counsel. Id. at 693. An award of the fee is not to the benefit of counsel, but is for the equitable objective of putting a wife on substantially even terms with the husband. Keena v. Keena, 245 So.2d 665 (Fla. 1st DCA 1971). The record reveals that the appellant and appellee are on at least equal footing. Therefore, it was error for the trial court to award the appellee attorney's fees.
The order modifying child support and awarding the appellee attorney's fees is reversed and the original final judgment is reinstated.
REVERSED.
ORFINGER and SHARP, JJ., concur.