413 So.2d 472 (1982)
William Lee LACY, III, Appellant,
v.
Rosemary Ann LACY, Appellee.
No. 81-1090.
District Court of Appeal of Florida, Second District.
May 5, 1982.
Anthony P. Granese, Clearwater, for appellant.
Robert W. Wilson of Law Offices of Robert W. Wilson, P.A., Clearwater, for appellee.
HOBSON, Acting Chief Judge.
William Lee Lacy, III (William), appeals a portion of a final order in favor of Rosemary Ann Lacy (Rosemary), his former wife, modifying a marriage dissolution judgment by increasing child support. We reverse.
In 1978, the Circuit Court for Pinellas County entered a judgment dissolving the marriage of the parties. The judgment awarded Rosemary custody of their two minor children, subject to reasonable visitation privileges, and incorporated a property settlement agreement between the parties wherein William assented to pay child support in the amount of $25 per week for each child. In 1981, Rosemary filed a petition for modification of the judgment requesting, inter alia, that he pay $75 per week per child.
The court held a hearing on the petition for modification. Rosemary, a self-employed hairdresser, testified that the needs of their children had increased since the dissolution judgment. She asserted that her net weekly income during the previous year varied from $135 to $145. Although *473 she stated that she was "in the hole" approximately $75 per week, she anticipated a 25% increase in income over the previous year. Further, she conceded that she had recently purchased a new $7,000 car and $900 worth of furniture. William, a carpenter, then testified that his net annual income amounted to $9,000. He added that his income had remained static since the divorce decree and that he did not foresee an increase in income. Moreover, he introduced his financial statement into the record which indicated that his average weekly expenses exceeded his average weekly net income by $90.28 and that his liabilities exceeded his assets by $4,187.92.
At the conclusion of the hearing, the court found that "the [children's] need has certainly gone up [since the divorce decree]" but that "[William's] ability to pay has not gone up proportionate to the need... . Basically, the ability is status quo at the time of the divorce." The court thereupon ordered an increase in child support payments from $25 per week per child to $32.50 per week per child, after remarking that "all things considered" it would be "best for the children and equitable and fair" to grant an increase.
Essentially, William argues that the court's modification of the child support provisions was improper since he believes that Rosemary failed to demonstrate a substantial change in the circumstances of him and/or her. Rosemary, meanwhile, relying upon section 63.13(1), Florida Statutes (1981), contends that the modification was proper since the court found that it was in the children's best interests to grant an increase. We agree with William.
Section 61.13(1) reads in pertinent part as follows:
61.13 Custody and support of children, etc., power of court in making orders. 
(1) In a proceeding for dissolution of marriage, the court may at any time order either or both parents owing a duty of support to a child of the marriage to pay such support as from the circumstances of the parties and the nature of the case is equitable. The court initially entering an order requiring one or both parents to make child support payments shall have continuing jurisdiction after the entry of such initial order to modify the amount of the child support payments, or the terms thereof, when such is found to be necessary by the court for the best interests of the child or children, when the child or any one of the children has reached the age of 18 years, or when such is found to be necessary by the court because there has been a substantial change in the circumstances of the parties.
(Emphasis added) In Wood v. Wood, 272 So.2d 14 (Fla. 3d DCA 1973), cited by Rosemary in support of her argument, our sister court held that section 61.13(1) permits a trial court to modify child support payments when it finds that it is in the children's best interests, even though it does not find that there has been a substantial change in circumstances.
However, section 61.13(1) is inapplicable in the instant case for two reasons. First, the court below did not "initially" enter an order requiring child support payments. Instead, the parties themselves executed a property settlement agreement wherein they provided for child support payments. Later, the court opted to incorporate this agreement into the dissolution judgment.[1] Second, section 61.14(1), Florida Statutes (1981), specifically addresses the situation where a party seeks to modify an agreement providing for child support payments which has been incorporated into a divorce decree. Section 61.14(1) provides in pertinent part as follows:
61.14 Modification of alimony judgments; agreements, etc. 
(1) When the parties have entered into ... an agreement for payments for ... support, ... whether in connection with a proceeding for dissolution or separate *474 maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed . .. since the rendition of the order, either party may apply to the circuit court ... for a judgment decreasing or increasing the amount of support, ... and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support ... provided for in the agreement or order.
A fundamental prerequisite to modification of a child support provision is a demonstration of a substantial change of circumstances, including financial circumstances, of one or both the parties, Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981), appeal dismissed, 402 So.2d 609 (Fla. 1981); Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980); Burdack v. Burdack, 371 So.2d 528 (Fla. 2d DCA 1979); Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978); Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975); see, section 61.14, Florida Statutes (1981). The party seeking modification has the burden of demonstrating such a substantial change of circumstances. Fox; Burdack; Meltzer. Further, where the amount of child support payments is based upon an agreement between the parties, a heavier burden rests upon the party seeking modification. Bish v. Bish, 404 So.2d 840 (Fla. 4th DCA 1981); Deatherage; Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981); Burdack; Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973).
Rosemary, who sought an increase in child support payments from the amount agreed upon between herself and William, failed to carry her heavy burden of demonstrating a substantial change of circumstances. By finding that the ability to pay child support had remained "status quo," the court indicated to us that the financial circumstances of William had not improved, let alone substantially improved. Although the court did not make a finding on Rosemary's financial predicament, her testimony shows that her situation had not deteriorated since the divorce decree, let alone substantially deteriorated. Thus, despite the finding that the needs had increased, we believe that the modification in child support payments was unjustified and unwarranted.
Accordingly, we reverse that portion of the order modifying the child support provision of the dissolution judgment and remand with directions to vacate such portion.
REVERSED and REMANDED.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] In ruling section 61.13(1) inapplicable under the facts at bar, we intimate no opinion as to how we would have construed this statute if the parties had not entered an agreement providing for support and the court had initially entered an order requiring support.