419 So.2d 1127 (1982)
Jay Henry VANDEN BOSCH, Appellant,
v.
Patricia Ann Vanden Bosch ELKINS, Appellee.
Nos. 81-1434, 81-1437.
District Court of Appeal of Florida, Third District.
September 7, 1982.
Rehearing Denied October 18, 1982.
*1128 Gautier, Dempster & Lawrence and Theodore Dempster and Jerome J. Kavulich, Miami, for appellant.
Proby & Adkins and Milton R. Adkins, Coral Gables, for appellee.
Before HUBBART, C.J. and DANIEL S. PEARSON, J. and EZELL, BOYCE F., Jr., (Ret.), Associate Judge.
PER CURIAM.
This is a consolidated appeal from (1) a final order modifying a substituted judgment of marriage dissolution by increasing the award of child support, and (2) a subsequent order awarding attorney's fees for the former wife on the modification proceeding. We reverse.
The law is well-settled that a trial court is authorized to modify a child support award contained in a final judgment of marriage dissolution [which, as here, does not incorporate a property settlement agreement]: "[1] when such is found to be necessary by the court for the best interests of the child or children, [or] [2] when the child or any one of them has reached the age of 18 years, [or] [3] when such is found to be necessary by the court because there has been a substantial change in the circumstances of the parties." § 61.13(1), Fla. Stat. (1981); see Wood v. Wood, 272 So.2d 14 (Fla. 3d DCA 1973). Where, as here, the party seeking a modification of child support contained in a final judgment of marriage dissolution relies on the statutory ground of "a substantial change in the circumstances of the parties," said party bears the burden of proof on the issue in showing that there has been a substantial change in circumstances since the final judgment, which change was involuntary and permanent in nature. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977); also see Lacy v. Lacy, 413 So.2d 472 (Fla. 2d DCA 1982); Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981). Slightly different rules obtain where, unlike this case, the final judgment of marriage dissolution sought to be modified incorporates a property settlement agreement. See § 61.14, Fla. Stat. (1981); also compare Lacy v. Lacy, supra; Deatherage v. Deatherage, supra.
In the instant case, the former wife Patricia Ann Vanden Bosch Elkins filed in the trial court a motion for modification of child support previously awarded in a substituted final judgment of marriage dissolution. The sole ground relied upon for the requested increase in child support was an alleged "substantial change in the circumstances of the parties." § 61.13(1), Fla. Stat. (1981). At the hearing on the motion for modification, the only change in circumstances shown was that the former wife had remarried, had voluntarily sold the marital home she was awarded as lump sum alimony, and had moved into a new residence which was substantially more expensive to maintain. This was clearly a voluntary change in circumstances in no way imposed upon the former wife nor required for the well-being of the minor children. It could not, therefore, form a basis for the increase in child support awarded herein.
*1129 We have not overlooked the claim that an additional change in circumstances was shown below in the children's living and schooling expenses, apart from the residence move. We have, however, diligently searched the record in vain for any evidence to support this claim and can find nothing which even approaches the required showing of a substantial change in circumstances here; there is utterly no showing in this record that these aforesaid expenses have substantially increased since the substituted final judgment. We, therefore, have no alternative but to reverse the final judgment of modification under review.
We must also reverse the attorney's fee award under review. There was utterly no legal basis to file the modification proceeding here and the former wife was, in any event, possessed of sufficient resources to retain counsel. As such, an attorney's fee award was not authorized here. Deatherage v. Deatherage, supra.
The final judgment of modification and the order awarding attorney's fees are, therefore,
Reversed.