485 So.2d 488 (1986)
Aleyda FRITZ, Appellant,
v.
William I. FRITZ, Appellee.
No. 85-1770.
District Court of Appeal of Florida, Third District.
March 25, 1986.
Taffer & Jacobs and Jack Taffer, Miami, for appellant.
Sams, Ward, Newman, Elser & Lovell and Marsha Elser and Susan A. Perkins, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
The mother appeals an order requiring her to make child support payments. We reverse.
In a stipulation, approved by the court, entered after final judgment in a dissolution action, the parties agreed to transfer *489 custody of their minor children from the mother to the father. In the stipulation, the parties agreed that the father would pay all costs for rearing and caring for the children and the mother would not be obligated to pay child support. Three months after this stipulation was entered, the father filed a petition for modification seeking child support payments from the mother.
The matter proceeded to hearing before the general master. Following the hearing, the master filed a report recommending an order be entered requiring the mother to make child support payments. Although the report expresses a finding of a "substantial change" in circumstances, it does not set forth any factual support for said finding, but rather, the recommendation appears to be grounded on the "best interest of the children" standard. The mother's exceptions to the general master's report were denied and the lower court ratified and approved the report and adopted the recommendations contained therein. The mother appeals.
The principles of law applicable in this case were succinctly set forth in Deatherage v. Deatherage, 395 So.2d 1169, 1170 (Fla. 5th DCA), dismissed, 402 So.2d 609 (Fla. 1981):
A fundamental prerequisite to modification of child support payments is a showing of substantial change of circumstances, including financial circumstances of one or both of the parties. Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). This change in circumstances must be significant, material, involuntary, and permanent in nature. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). The party seeking modification has the burden of showing this change in circumstances. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978). And where, as here[,] the amount of child support is based upon an agreement by the parties, a heavier burden rests upon the party seeking a modification than would otherwise be required. Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973).
This court has previously recognized that different rules apply to applications for modification of child support depending upon whether the support provisions are entered by order of the court or stipulated to by the parties. Vanden Bosch v. Elkins, 419 So.2d 1127 (Fla. 3d DCA 1982). See Lacy v. Lacy, 413 So.2d 472 (Fla. 2d DCA 1982); §§ 61.13, 61.14, Fla. Stat. (1983).
After reviewing the record, we find that there was no evidence presented to the general master which would support the finding of a substantial change in circumstances. It is undisputed that neither the income of the parties nor the needs of the children had substantially changed between the time the stipulation was entered and three months later when the modification was sought. The father argues, however, that the finding is supported by evidence indicating the mother has not enforced her visitation rights, thus, the expenses of the children which the wife would have borne during visitation periods have been imposed upon the husband and this added expense was not anticipated at the time the stipulation was entered. We reject this argument. The father was clearly aware of the strained relationship between the mother and the children at the time the stipulation was entered. Although the mother has made numerous attempts at visitation since primary custody of the children was transferred to the father, very little visitation has occurred. This situation has resulted from the facts that the children, ages ten and six, do not want to see their mother and the father tells them "to do whatever they want to do" with regard to the visitation. It is patently clear from the record that the father's permissive attitude, permitting children of such tender years to determine if and when they will allow their mother to exercise her visitation privileges, invited the very situation about which the father complains.
It must be emphasized that the parties entered into an express contract with *490 provisions for child support and, therefore, general principles of contract law must be applied. See Isaacs v. Deutsh, 80 So.2d 657 (Fla. 1955). The contract specifically provides that the father will undertake the expenses of raising the children and that the mother "shall not be obligated to pay child support for the two minor children." It is only because the subject matter of the contract is child support that the father is permitted to attempt to change the clear, unequivocal provisions of the contract by which he agreed to assume full financial responsibility for raising the children. See § 61.14, Fla. Stat. (1983) (gives court authority to modify support agreements); Frizzell v. Bartley, 372 So.2d 1371 (Fla. 1979) (holding section 61.14 does not violate state and federal constitutional prohibitions against impairment of contractual obligations because the statute has been in existence since 1935 and, therefore, it is impliedly incorporated into contracts concerning support); O'Brien v. O'Brien, 424 So.2d 970, 971 (Fla. 3d DCA 1983) (the right to receive support belongs to the child and may not be waived by a parent). Since the father's right to modify the contractual obligations he undertook is derived through section 61.14, see Lacy; cf. O'Brien (noting that prior to the 1971 amendments to the statutes, the obligation of support belonged solely to the father), a substantial change in circumstances, as contemplated by that section, is a prerequisite to modification. Lacy.
We find that the evidence indicating a lack of substantial visitation by the mother does not support a finding of a substantial change in circumstances. Further, no other evidence presented to the general master supports such a finding. Absent a substantial change in circumstances, a mere indication that it would be in the best interest of the children to have the mother pay child support is an insufficient basis to modify the support provisions agreed to by the parties. Lacy, 413 So.2d at 473-74; § 61.14, Fla. Stat. (1983). See also Marrero v. Marrero, 472 So.2d 886 (Fla. 3d DCA 1985). The lower court, therefore, erred by failing to grant the mother's exceptions and reject the finding of the general master concerning a substantial change in circumstances since such finding was not supported by competent evidence, and by adopting the general master's recommendations where the general master misconceived the legal effect of the evidence. See Dent v. Dent, 438 So.2d 903 (Fla. 4th DCA 1983), review dismissed, 461 So.2d 114 (Fla. 1984).
For the foregoing reasons, the order under review, which modifies the child support provisions in the stipulation, is reversed and the case remanded with directions to grant the mother's exceptions to the general master's report and deny the father's petition for modification of the child support provisions in the stipulation previously approved by the court.