578 So.2d 838 (1991)
Edward C. TIETIG, Appellant,
v.
Colleen H. BOGGS F/K/a Colleen H. Tietig, Appellee.
No. 90-2157.
District Court of Appeal of Florida, Third District.
April 30, 1991.
*839 Edward C. Tietig, in pro. per.
Catlin, Saxon, Tuttle & Evans and William M. Tuttle, II, Miami, for appellee.
Before HUBBART and BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the former husband Edward C. Tietig from a final order (a) confirming the report of a general master denying his motion to modify the child support obligations under the final judgment of marriage dissolution which incorporated a property settlement agreement between the parties, and (b) granting the former wife Colleen H. Boggs' motion to enforce the said final judgment as to child support arrearages, and awarding her attorney's fees. We affirm.
First, the general master did not, as urged, employ an erroneous burden of proof on the former husband's motion to modify. To the contrary, the master followed the established law in this district [and the majority rule among the other districts] that where, as here, the amount of child support is based on an agreement between the parties as incorporated into a final judgment of marriage dissolution, a heavier burden rests upon the party seeking a modification of such child support than would otherwise be required in the absence of such an agreement. Fritz v. Fritz, 485 So.2d 488, 489 (Fla.3d DCA 1986); Lacy v. Lacy, 413 So.2d 472, 474 (Fla.2d DCA 1982); Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981); Deatherage v. Deatherage, 395 So.2d 1169, 1170 (Fla. 5th DCA), dismissed, 402 So.2d 609 (Fla. 1981). Contra Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986).
Second, contrary to the former husband's argument, the findings of the general master were based on substantial competent evidence. The former husband failed to show a substantial change in his financial circumstances to warrant a downward modification of his child support obligations; and the trial court properly enforced the child support obligations of the final judgment of marriage dissolution. See, e.g., Leone v. Weed, 474 So.2d 401 (Fla. 4th DCA 1985); Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979); Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975); Scott v. Scott, 285 So.2d 423 (Fla.2d DCA 1973).
Third, no error is shown in the award of attorney's fees. See, e.g., Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980); Kuse v. Kuse, 533 So.2d 828, 829 (Fla. 3d DCA 1988); Patterson v. Patterson, 399 So.2d 73, 74-75 (Fla. 5th DCA 1981).
Affirmed.