602 So.2d 1250 (1992)
Edward C. TIETIG, Petitioner,
v.
Colleen H. BOGGS, etc., Respondent.
No. 78013.
Supreme Court of Florida.
June 11, 1992.
Edward C. Tietig, pro se.
William M. Tuttle, II and Stephen J. Kolski, Jr., Catlin, Saxon, Tuttle & Evans, P.A., Miami, for respondent.
GRIMES, Justice.
We review Tietig v. Boggs, 578 So.2d 838 (Fla. 3d DCA 1991), because of its conflict with Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
The marriage of the parties was dissolved by a judgment incorporating a property settlement agreement which called for the payment of child support by the husband. Several years later, the former husband filed a motion to reduce his child support obligations, alleging a change in his ability to meet the payments. The former wife responded by moving to enforce the payment of child support arrearages and seeking attorney's fees. The trial of the issues was referred to a general master. Pursuant to the general master's report, the trial judge denied the former husband's *1251 motion to modify his child support requirements, granted the former wife's motion to enforce arrearages, and awarded her attorney's fees.
In affirming the judgment in all respects, the district court of appeal stated:
First, the general master did not, as urged, employ an erroneous burden of proof on the former husband's motion to modify. To the contrary, the master followed the established law in this district [and the majority rule among the other districts] that where, as here, the amount of child support is based on an agreement between the parties as incorporated into a final judgment of marriage dissolution, a heavier burden rests upon the party seeking a modification of such child support than would otherwise be required in the absence of such an agreement. Fritz v. Fritz, 485 So.2d 488, 489 (Fla. 3d DCA 1986); Lacy v. Lacy, 413 So.2d 472, 474 (Fla. 2d DCA 1982); Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981); Deatherage v. Deatherage, 395 So.2d 1169, 1170 (Fla. 5th DCA), dismissed, 402 So.2d 609 (Fla. 1981). Contra Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986).
Tietig v. Boggs, 578 So.2d at 839.
Bernstein involved an appeal from the denial of a former wife's petition for upward modification of child support. In denying the petition, the trial judge had stated that because the judgment for child support was based upon an agreement by the parties, a heavier burden rested upon the party seeking a modification than would otherwise be required. The district court of appeal reviewed the cases that have required a heavier burden to modify support obligations in dissolution judgments which incorporated settlement agreements between the parties. The court pointed out that the heavy burden rule was first applied to persons seeking modification of alimony and reasoned that the rule was inappropriately transferred to child support cases. The court stated that public policy did not permit the terms of a contract between parents to impinge upon the best interests of their children and held that the heavy burden rule did not apply in cases involving modification of child support.
We are sensitive to the concern expressed in Bernstein. It is at least possible that the parties might place their own interests ahead of those of their children in crafting a settlement agreement. Thus, we agree that the party seeking an increase in child support need only prove a substantial change in circumstances similar to that required in the modification of dissolution judgments which do not incorporate a settlement agreement. However, in the instant case, the former husband was seeking to reduce his child support obligations. Under these circumstances, the best interests of the children could not be jeopardized, and we see no reason to depart from the application of the heavy burden rule in such a case.
Thus, it appears that both the instant case and Bernstein were correctly decided. However, the rationale of those cases is hereby modified to the extent that in cases where judgments for child support are based on settlement agreements, the heavy burden rule is inapplicable only when an increase in child support is sought. We do not address the other issues raised by the parties. Subject to the explanation above, we approve the decision below.
It is so ordered.
BARKETT, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs specially with an opinion.
OVERTON, J., dissents with an opinion, in which SHAW, C.J., concurs.
McDONALD, Justice, specially concurring.
I do not endorse the "heavier burden" test at all. Whether by agreement or by court judgment, modifications in child support are granted only upon a showing of a substantial change in circumstances. This change in circumstance must be significant, material, involuntary, and permanent in nature. When child support is ordered, such *1252 changes should demonstrate a substantial impairment in the ability to pay, or a substantial decrease in the need of the child support. Because the record supports a conclusion that Tietig has the ability to pay his child support, and a lessened need was not clearly apparent, a denial was appropriate even though Tietig's income and assets are substantially less now than when the judgment was entered.
I embrace the full language and rationale of Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986) in dismissing the "greater burden" test.
OVERTON, Justice, dissenting.
In my view, there is no justification to have two different burdens of proof for establishing a change of circumstance that justifies a modification in support payments. To have a heavier burden of proof when the support obligations are established by settlement than when the obligations are imposed by court order makes no sense. I am concerned that the majority decision in this case will have an adverse effect on our policy of encouraging settlements in family matters and will also result in the unequal treatment of parties and children.
More than in any other area of the law, we have attempted to develop a policy in family law matters that encourages the early settlement of family disputes, particularly through mediation, because such a policy is beneficial to the family. Under the majority's decision, a payor, faced with the possibility of a future layoff or a reduction in pay due to an economic downturn, would be better off having the court impose his or her fiscal obligation in a contested proceeding rather than agreeing to a settlement where he or she would have a heavier burden of proof in order to seek a reduction due to a change of circumstances.
The facts in this case reflect that the husband agreed in the settlement to pay $600 per week in child support for his three children. At the time he was a successful lawyer with substantial business interests. The husband's petition for modification was based on the fact that he was in bankruptcy and that his gross income had declined to $1,768 per month. The wife had a monthly income of $5,300. The husband sought to have the support payments reduced to $225 per week. The record further reflects that the husband had conveyed property of significant value to his son from a prior marriage and that substantial assets were involved in the bankruptcy proceeding. The issue was whether assets were available to the husband to pay his support. The general master held that the husband had not overcome the "heavier burden" of proof that was applicable since the husband and wife had agreed to the amount of the support in a settlement agreement. This finding was approved by the trial court and the district court of appeal.
In my view, whether a payor has established a change of circumstances justifying a reduction of support should be dependent on the evidence and not controlled by differing burdens of proof. Under the majority opinion, if the child support was court-imposed, the burden of proof to establish the change of circumstances would be by the greater weight of the evidence. On the other hand, if the child support was set as the result of a settlement agreement between the parties, the payor would have a "heavier burden," above the greater weight of the evidence, to establish the change of circumstances. By creating a higher burden of proof for establishing grounds for modifying settlement-imposed child support, the majority's holding will result in courts' reaching different results on almost identical facts. In my view, the trial court, in considering evidence of a change of circumstances, should apply the same burden of proof in deciding to modify a court-imposed order as it does for a settlement-imposed order. To rule otherwise treats both the children and the parties differently on the same change of circumstances.
SHAW, C.J., concurs.