647 So.2d 170 (1994)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, on behalf of Cathy L. DODGE, Appellant,
v.
Donald M. DODGE, Appellee.
No. 93-01809.
District Court of Appeal of Florida, Second District.
June 24, 1994.
*171 Joanna B. Garrett and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
Dan Phillip Brawley of Dan Phillip Brawley, P.A., Lakeland, for appellee.
QUINCE, Judge.
Cathy Dodge, the former wife, asks this court to review an order of the trial court which modifies a settlement agreement. The settlement agreement requires the former husband, Donald M. Dodge, to pay child support while the child is in college, up to age twenty-one. The trial judge in making a modification of the amount of child support also changed this provision. We reverse that portion of the modification order since that relief was neither requested nor contemplated by the parties.
The former wife filed a petition for modification of child support, requesting an increase from the $200.00 bi-weekly she was receiving for the two minor children. The former husband filed a response to the petition but did not request a change in the settlement provision. The trial court entered a final order on modification increasing the support to $117.76 per week ($235.52 bi-weekly). Additionally, the order stated the husband's child support obligation would continue until age eighteen, noting specifically he would not enforce the settlement agreement which called for support beyond the age of eighteen.
Appellant argues and we agree that the trial court erred in modifying appellee's support obligation in that respect. The child support amount in a settlement agreement and incorporated in a final judgment of a dissolution of marriage is subject to modification by the court. The Florida Supreme Court in Tietig v. Boggs, 602 So.2d 1250 (Fla. 1992), indicated a party seeking an increase in the child support established in a settlement agreement need only demonstrate a substantial change in circumstances. However, a party seeking a reduction in that amount must meet the "heavier burden" standard articulated in Burdack v. Burdack, 371 So.2d 528 (Fla. 2d DCA 1979) and Lacy v. Lacy, 413 So.2d 472 (Fla. 2d DCA 1982).
The change ordered by the trial court is the equivalent of a reduction in child support. As such, a party seeking such a reduction must demonstrate the need for same under the heavier burden standard. The former husband never requested such relief. He argues the former wife requested such a reduction by the wording of her modification petition which tracked general language concerning a parent's obligation to pay support until age eighteen. Even if this language *172 could be interpreted so broadly, there is no evidence that the heavier burden required for this type of modification was met.
Indeed, the wording of the trial court's order indicates this issue was not addressed by the parties. The court said:
The Court upon its own, has decided that the property settlement agreement entered into by the parties prior to the Dissolution of Marriage should not be enforced as it relates to child support beyond eighteen (18) years of age.
Thus, the court in this instance sought, sua sponte, to remake the agreement between the parties. This was error. The trial court may only modify child support provisions contained in a settlement agreement to the extent allowed in Tietig v. Boggs.
We remand this case to the trial court for deletion from the final judgment that portion concerning nonenforcement of the child support beyond age eighteen.
SCHOONOVER, A.C.J., and LAZZARA, J., concur.