THREADGILL, Chief Judge.
The appellant, Gary D. Amoroso, the former husband, challenges a final order, increasing his child support obligation. The order was entered on a petition for modification of existing child support filed by the appellee, Patricia Amoroso Phister, the former wife. The former husband contends the trial court abused its discretion in conducting a de novo proceeding to determine child support — rather than a typical modification proceeding — and in imputing additional income to him as a result. We agree and reverse.
Pursuant to the final'judgment of dissolution entered on January 2, 1992, the former husband was required to pay the former wife $60 per week in child support. The final judgment also provided that “[t]he Husband’s income is somewhere less than $750 net .... [and that] [c]hild support shall be redetermined in 6 months when it is anticipated that the Husband’s income will stabilize.”
According to the parties, a “redetermination” hearing consistent with the foregoing provision was held in July 1992, before the judge who entered the final judgment of dissolution. That hearing culminated in an order, which provided that “the present level of child support shall remain unchanged at this time.” It also required the former husband to furnish the former wife copies of his financial records each month. Neither a transcript of that hearing, nor the order resulting therefrom, are in the record.
Three years later, on July 7, 1995, the former wife filed the instant modification petition. At a hearing on the petition, the trial judge, who was not the original judge in the ease, construed the provisions of the July 1992 order to mean that the matter of child support had never been resolved, and that it was necessary to conduct a de novo hearing to determine the former husband’s support obligation. The trial judge thus conducted a de novo proceeding and ultimately imputed a higher monthly income to the former husband. We conclude, without discussion, that there is no basis in the record we have been furnished for the trial court’s decision to conduct a de novo hearing. We also conclude that the trial court improperly imputed additional income to the former husband.
“A fundamental prerequisite to modification of child support payments is a showing of substantial change of circumstances, including financial circumstances of one or both of the parties. This change ... *1174 must be significant, material, involuntary, and permanent_ The party seeking modification has the burden of showing this change in circumstances.” Hand v. Kushmer, 673 So.2d 926, 927 (Fla. 2d DCA 1996) (quoting Fritz v. Fritz, 485 So.2d 488, 489 (Fla. 3d DCA 1986)). The record in the instant ease is devoid of evidence to establish that any such substantial change occurred here. In fact, the former husband’s financial information demonstrates the contrary and further shows that an imputation of additional income was unwarranted. The trial court acknowledged as much when it announced at the hearing that there was no basis for an increase in child support unless a de novo proceeding could be conducted.
Accordingly, since the trial court improperly conducted a de novo hearing, and since there was otherwise no proof of a substantial change in circumstances, we conclude the trial court abused its discretion in increasing the former husband’s monthly child support payments. We therefore reverse the final order modifying child support.
Reversed and remanded.
PATTERSON and QUINCE, JJ., concur.