MONACO, C.J.
 

 This is an appeal from an order terminating child support in which the appellant, Helen D. Neville, argues that the trial court erred in adopting the hearing officer’s recommendation to terminate child support paid by the appellee, Thomas A. Neville, with respect to the youngest child of the parties. Because the youngest child, C.W., although 18 years of age, had not graduated from high school, and because the order concerning child support based on the agreement of the parties required the child support for this child to be continued, we reverse.
 

 At the time that the marriage between the parties was dissolved they entered into an agreement that provided, among other things, that “[c]hild support shall continue as to each minor child until said child graduates from high school but not to ex
 
 *780
 
 ceed age 19, dies, marries, becomes self-supporting, enters the armed forces, or is otherwise emancipated.” The final judgment of dissolution included similar language in ordering Mr. Neville to pay child support “until a child attains the age of eighteen (18) years and thereafter until said child graduates from high school but not to exceed age 19, marries, enters the armed forces, becomes self-supporting, dies or is otherwise emancipated, whichever event comes first.”
 

 In 2009, Mr. Neville filed a supplemental petition for modification apparently aimed to terminate child support for his children other than C.W. He recognized that the final judgment required him to support his offspring “until each graduated from high school, but not to exceed the age of nineteen.” He asked only that child support be modified as to the other children to comport with the requirements of the final judgment.
 

 The matter was considered initially by a hearing officer. Ms. Neville conceded at the hearing that all three children were over eighteen, but both parties acknowledged that the youngest was still in high school. The hearing officer found that the two eldest children were over eighteen and had already graduated from high school, and that while the youngest child was over eighteen, he would not graduate from high school before reaching nineteen. Surprisingly the hearing officer recommended that child support be terminated immediately for all three children. After the hearing officer announced his ruling, the former wife asked, “I don’t get any claims for [C.W.]? He’s still in high school.” The hearing officer responded “No, ma'am, because he’s not going to graduate prior to reaching 19.” The trial court thereafter approved the report and recommendation of the hearing officer and entered an order implementing it.
 
 [1]
 

 So far as we can tell, the hearing officer derived his ruling that flew directly in the face of the agreement of the parties and the order requiring the payment of child support from section 743.07(2), Florida Statutes (2009). That statute, which deals with the removal of the disabilities of nonage when persons turn 18, provides that:
 

 [t]his section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
 

 As this court has noted previously, a parent is not legally bound to support his or her children beyond the age of 18, unless the parent agrees to do so in a binding contract, or unless one of the exceptions to section 743.07 applies.
 
 See Dep’t of Rev. ex rel. Hall v. Hall,
 
 699 So.2d 1036, 1037 (Fla. 5th DCA 1997). In the matter before us section 743.07(2) should have played no role in the disposition. This case involved only the implementation of an agreement of the parties and the final judgment of dissolution. It was not about a court ordering child support beyond the age of 18 based on incapacity of the child. Here, by an unambiguous written agreement Mr. Neville was to pay child support for C.W. until the child grad
 
 *781
 
 uated from high school, but not beyond the child’s nineteenth birthday. C.W. was still in high school and had not yet reached 19 when the court terminated child support for him. Because the trial court failed to order Mr. Neville to pay child support for C.W. in accordance with the agreement and as required by the final judgment, it erred.
 
 Cf. State, Dep’t of Health & Rehabilitative Servs. ex rel. Dodge v. Dodge,
 
 647 So.2d 170 (Fla. 2d DCA 1994).
 

 Accordingly, we reverse and remand this cause to the trial court to calculate the child support Mr. Neville owes for C.W. from the time support was terminated to the time C.W. turned 19 and to order payment of that amount in compliance with the joint stipulation and the final judgment of dissolution.
 

 REVERSED and REMANDED with instructions.
 

 ORFINGER and JACOBUS, JJ., concur.
 

 [1]
 

 . For reasons that are unclear from the record it appears that before the trial court approved the hearing officer’s order, a notice was sent to the City of St. Augustine directing it to stop deducting child support from the former husband’s pay check. This was obviously inappropriate.