COHEN, J.
Kimberly Poe, former wife, appeals the granting of former husband’s supplemental petition for modification which reduced his child support obligation for the parties’ three minor children. She argues that the trial court erred in finding a substantial change in circumstances, failing to impute income to former husband, and imputing income to her.
To justify a modification of child support, a movant must show: (1) a substantial change in circumstances, (2) the change was not contemplated at the time of the divorce judgment, and (3) the change is sufficient, material, involuntary, and permanent. See Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992). “[A] showing of permanent change requires proof that the change is not temporary or transient, but rather encompasses an extended period of time.” Bennett v. Dep’t. of Revenue on Behalf of Bennett, 664 So.2d 33, 34 (Fla. 5th DCA1995).
In this case, the parties disputed whether former husband’s layoff from his job was an unanticipated change in circum *844 stances. Former wife testified that the layoff occurred the day before the parties signed their marital settlement agreement and, therefore, did not constitute an unanticipated change of circumstances warranting modification of his child support. Former husband testified he was laid off approximately one month after signing the marital settlement agreement. The president of the company where former husband had worked testified he was laid off on a date preceding the signing of the agreement.
Given the choice between the disinterested company president or the interested party, the trial court chose to accept the former husband’s testimony. The credibility of witnesses is within the trial court’s exclusive purview. Maliski v. Maliski, 664 So.2d 341, 343 (Fla. 5th DCA 1995). Having found that the change in circumstances was not contemplated when former husband executed the marital settlement agreement, the tidal court concluded that former husband met his burden of showing a substantial change of circumstances, and we find no abuse of discretion in the trial court’s conclusion.
Likewise, we find no error in the trial court’s failure to impute income to former husband based on loans from his parents. The testimony reflected these loans were not intended to be continuing and ongoing, but only temporary in nature. See Vorcheimer v. Vorcheimer, 780 So.2d 1018, 1019 (Fla. 4th DCA 2001).
We do, however, conclude that the trial court erred in imputing income to former wife. While former wife testified as to her previous year’s income, she also uncontrovertedly testified that she no longer was earning that amount, in part because she was receiving fewer hours as a substitute teacher.[1] Former wife’s prior year’s tax return did not refute this testimony.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
TORPY and LAWSON, JJ., concur.

. This was one of three jobs former wife was working to support the household, in contrast with former husband’s unemployment.