MARSTILLER, J.
Gary P. Van Looven, Jr. (“Appellant”), appeals a final order dismissing his amended supplemental petition to modify (reduce) child support for failure to state a claim. In the petition, Appellant claimed he was paying child support in an amount greater than that indicated by the statutory guidelines, and asserted that reducing his obligation would be in his children’s best interests. The trial court determined — after twice giving Appellant a chance to amend — that the petition failed to allege an involuntary, permanent change in circumstances. Appellant contends on appeal that he need not make such a showing. Rather, he claims, under Overbey v. Overbey, 698 So.2d 811 (Fla.1997), it is sufficient simply to allege that the reduction is in the children’s best interests. We disagree and affirm the dismissal of Appellant’s petition.
Under section 61.14(1)(a), Florida Statutes (2010), a party who is required to pay child support may seek modification of the support amount if
the circumstances or the financial ability of either party changes or the child who is a beneficiary of an agreement or court order ... reaches majority after the execution of the agreement or the rendition of the order....
In other words, a petition to modify child support must show either that (1) there has been a change in circumstances or financial ability, or that (2) the beneficiary of the support has turned 18. Section 61.14(1)(a) provides only these bases for requesting modification, and, as to change in circumstances or financial ability, Florida courts require that the change (1) is substantial; (2) is material, involuntary, *150 and permanent in nature; and (8) was not contemplated at the time of the final judgment of dissolution. See Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992); Maher v. Maher, 96 So.3d 1022, 1022 (Fla. 4th DCA 2012); Poe v. Poe, 63 So.3d 842, 843 (Fla. 5th DCA 2011); Matthews v. Matthews, 677 So.2d 323, 325 (Fla. 1st DCA 1996).
In Overbey, the decision on which Appellant relies, the supreme court confirmed that “a fundamental prerequisite to bringing an action to modify child support payments is a showing of substantial change of circumstances.” Overbey, 698 So.2d at 813 (emphasis added). Where we believe Appellant misinterprets Overbey is in the scope of its holding.
The narrow issue before the supreme court in Overbey was whether a parent’s voluntary reduction in income to return to school could support a reduction in his child support obligation. After confirming the permissible grounds in section 61.14(1)(a) for requesting modification, the court then considered section 61.13(1)(a), Florida Statutes (1995), “which governs the power of courts to issue orders regarding child support[.]” Id. (emphasis added). The latter statute, the court determined, authorized courts to modify the amount of child support initially ordered in three circumstances: “(1) when the modification is necessary for the best interests of the child; (2) when the modification is necessary because the child has reached majority; or (3) when there is a substantial change in the circumstances of the parties.”[1] Id. (emphasis in original). Reading sections 61.13(1)(a) and 61.14(1)(a) in pari materia, the supreme court concluded that “the father’s reduction in income is voluntary and consequently insufficient to support a finding of substantial change in circumstances,” but that under section 61.13(1)(a), the trial court “must evaluate whether the reduction is in the best interests of the children.” Id. at 815.
Overbey only holds that, as to modification requests based on a parent’s voluntary reduction of income to continue education, trial courts should focus on whether a temporary reduction in child support is in the child’s best interests, rather than on the voluntary nature of the income reduction. See Vriesenga v. Vriesenga, 931 So.2d 213, 217 n. 6 (Fla. 1st DCA 2006). Overbey does not otherwise change the requirement in statute and case law that a party seeking child support modification must show a substantial change of circumstances that is material, involuntary, and permanent in nature.
*151 Whether Overbey might apply to other circumstances in which a parent voluntarily reduces his or her income is not a question we need to consider at this time. After two opportunities to amend his modification petition, Appellant failed to allege any substantial change in circumstances. The trial court therefore properly dismissed the petition for failure to state a claim.
AFFIRMED.
RAY and SWANSON, JJ., concur.

. Section 61.13(1)(a), Florida Statutes (1995), reads, in pertinent part:
In a proceeding for dissolution of marriage, the court may at any time order either or both parents who owe a duty of support to a child to pay support in accordance with the guidelines in s. 61.30. The court initially entering an order requiring one or both parents to make child support payments shall have continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments when the modification is found necessary by the court in the best interests of the child, when the child reaches majority, or when there is a substantial change in the circumstances of the parties.
Section 61.13(1)(a)2., Florida Statutes (2010), in effect when Appellant filed his supplemental petition, reads similarly:
The court initially entering an order requiring one or both parents to make child support payments has continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments if the modification is found by the court to be in the best interests of the child; when the child reaches majority; if there is a substantial change in the circumstances of the parties; if s. 743.07(2) applies; or when a child is emancipated, marries, joins the armed services, or dies.