COHEN, J.
The Florida Department of Revenue (“the Department”), on behalf of Marielena Scibelli, appeals a final order modifying Adam Garmon’s monthly child support obligation. The Department argues that the trial court abused its discretion in decreasing Garmon’s child support obligation because Garmon did not prove that a substantial change in circumstances occurred. We agree and reverse.
Generally, “a fundamental prerequisite to bringing an action to modify child support payments is a showing of substantial change in circumstances.” Overbey v. Overbey, 698 So.2d 811, 813 (Fla. 1997). The burden of proving a substantial change in circumstances is on the party seeking modification. Id. The movant must establish that: (1) a substantial change in circumstances occurred; (2) the change was not contemplated at the time of the original judgment; and (3) the change is sufficient, material, involuntary, and permanent. Poe v. Poe, 63 So.3d 842, 843 (Fla. 5th DCA 2011) (citing Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992)).
Here, Garmon was unable to prove that a substantial change in circumstances occurred. Rather, according to the child support guideline worksheets filed in this case, Garmon was earning roughly the same amount of money when the original child support order was entered as when he filed his petition to modify the child support order. In the absence of any showing of a substantial change in circumstances, we are compelled to reverse.
REVERSED.
EVANDER and WALLIS, JJ„ concur.