544 So.2d 1146 (1989)
Karen M. NOLTE, Appellant,
v.
Everett E. NOLTE, Appellee.
No. 88-02364.
District Court of Appeal of Florida, Second District.
June 14, 1989.
*1147 Raymond A. Alley, Jr., and Elizabeth S. Wheeler, of Raymond A. Alley, Jr., P.A., Tampa, for appellant.
Ellis R. Faught, Jr. of Ellis R. Faught, Jr., P.A., Brandon, for appellee.
FRANK, Judge.
Karen Nolte, the former wife, appeals from the denial of her motions to increase support for the minor daughter, Christina, to enforce the payment of child support on behalf of a son, Chad, and the award of an attorney's fee.
Essential to a determination of whether the former husband's support of Christina should be increased is a finding of a substantial change of circumstances, including the financial condition, of one or both parents. Lacy v. Lacy, 413 So.2d 472, 474 (Fla. 2d DCA 1982). A heavier burden is borne by the party seeking modification where, as here, the child support agreement is incorporated in the final judgment. Id.; contra, Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986). The record discloses that at the time of dissolution, the former husband was earning approximately $42,000. In 1987, however, his earnings exceeded $100,000, a marked improvement in his financial status over that which existed at the time of the final judgment. That fact, coupled with Karen's testimony that Christina's needs have increased in the years following dissolution, requires reversal of the trial court's order and justifies the enlargement of Christina's support provided for in the final judgment.
Karen disputes that portion of the trial court's order relieving the former husband from the support obligation associated with Chad. Karen had legal custody of Chad, but ordered him from her residence on July 19, 1986 and he immediately began living with the former husband. A trial court may refuse to enforce past due child support under exceptions involving "laches, estoppel, waiver, reprehensible conduct upon the part of the parent having custody or other strong equitable reasons." Panganiban v. Panganiban, 396 So.2d 1156, 1157 (Fla. 2d DCA 1981). We view Chad's expulsion from Karen's home as a legitimate equitable reason warranting the former husband's cessation of payments. This situation is distinguishable from settings, for example, where the child, for non-compelling reasons, temporarily lives with the non-custodial parent. See Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984). Thus, the former husband's unilateral termination of support payments was not offensive to the final judgment or his duty to assist in the maintenance of Chad.
The last point raised by Karen stems from the trial court's denial of attorney's fees she incurred in the post judgment proceeding. We agree with Karen that given the disparity in the parties' incomes and despite the fact that she did not prevail below, the award of a reasonable fee was in order. Reid v. Reid, 396 So.2d 818, 821 (Fla. 4th DCA), rev. denied, 402 So.2d 612 (Fla. 1981).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CAMPBELL, C.J., and PATTERSON, J., concur.