568 So.2d 942 (1990)
Joe M. CREEL, Appellant,
v.
Judith Ann CREEL, Appellee.
No. 90-277.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Rehearing Denied November 14, 1990.
David Popper, Miami, for appellant.
Spencer Fox, Miami, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
The former husband seeks review of the final judgment upwardly modifying his child support obligations, awarding arrearages *943 for child support, and requiring payment of the former wife's attorney's fees and costs. The final judgment also requires the former husband to make full payment within approximately thirty days. We affirm in part, reverse in part and remand with instructions.
The parties were divorced in 1978. At the time of the divorce, the parties had two minor children. The former husband, an orthodontist, was ordered to pay $625 per month in child support for each child. In 1985, the oldest child lived with the former husband for several months. During that period, the former husband, without a court-ordered modification, decreased the child support payments for the oldest child to $225 for the first month and to nothing for the ensuing months. The former wife filed a petition to upwardly modify the child support awards based on the husband's alleged increased ability to pay and the children's increased needs. Additionally, the former wife petitioned the court for child support arrearages for the months in 1985 in which the former husband decreased or did not pay child support for the oldest child.[1] The former wife also sought attorney's fees and costs.
The former wife presented evidence which demonstrated that the children's needs have drastically increased over the years. Additionally, the former wife also testified that the children's needs have increased so much that she had to refinance her home in order to support the children. Additionally, the former wife demonstrated that the former husband's income has substantially increased.
The trial court entered a final judgment ordering the former husband to pay $1,100 a month in child support for each child retroactive to the 1988 filing of the petition for modification, $2,250 plus interest in child support arrearages, $10,500 for attorney's fees, and $7,063 in costs. The trial court also ordered that full payment, which exceeds $40,000, must be made within approximately thirty days from the date of the order.
The former husband contends that the trial court abused its discretion in granting the petition for modification of child support. We disagree.
A trial court has jurisdiction to modify child support awards where "there has been a substantial change in the circumstance of the parties." § 61.13(1), Fla. Stat. (1989). A substantial change of circumstances may be demonstrated by an increase in the child's needs or a substantial increase in the noncustodial parent's income. See Smith v. Smith, 474 So.2d 1212 (Fla. 2d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986); Brooks v. Brooks, 423 So.2d 995 (Fla. 3d DCA 1982); Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979). In the instant case, the former wife presented sufficient competent evidence which demonstrated that there had been both an increase in the children's needs and a substantial increase in the former husband's income. Thus, the trial court correctly granted the petition for modification.
The former husband also contends that the trial court erred in awarding the former wife attorney's fees and costs. We disagree.
A trial court has discretion in awarding a party attorney's fees and costs in a modification proceeding. § 61.16, Fla. Stat. (1989); see also Lawrence v. Lawrence, 384 So.2d 279, 281 (Fla. 4th DCA 1980) ("The purpose of an award of attorney's fees is to insure that both parties will reasonably have the same ability to secure competent legal counsel."). The trial court did not abuse its discretion in ordering the former husband to pay the former wife's attorney's fees and costs where the former wife has demonstrated that the former husband is in a superior financial position to pay the fees and costs. See Johnson v. Johnson, 403 So.2d 1388 (1981); Nolte v. Nolte, 544 So.2d 1146 (Fla. 2d DCA 1989); *944 Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985). Additionally, the amounts awarded were not excessive in light of the evidence presented.
Although we affirm all awards made to the former wife, we reverse the portion of the judgment which requires the former husband to make full payment within approximately thirty days and remand to the trial court for a determination of whether the husband has the ability to pay the full amount due within that time period. If the trial court determines that the husband does not have the ability, the trial court is ordered to fix a payment schedule according to the former husband's present ability to pay.
Affirmed in part, reversed in part and remanded.
NOTES
[1] The former husband conceded in oral argument that the former wife is entitled to child support arrearages where there had been no modification of child support payments. See Thornton v. Byrnes, 537 So.2d 1088 (Fla. 3d DCA 1989).