SCHOONOVER, Chief Judge.
The appellant, Kenneth E. Allen, Jr., challenges an order modifying a final judgment of dissolution of marriage. We reverse.
A final judgment dissolving the parties’ marriage was entered on September 15, 1988. The judgment incorporated a settlement agreement entered into between the appellant and the appellee, Nancy J. Allen. Pursuant to the agreement and the final judgment, the appellant was required to pay the sum of $200 per month for the support of the parties’ minor child.
Approximately nine months after the final judgment was entered, the appellee filed a petition seeking to modify the child support payments. At the conclusion of the hearing on the appellee’s petition, the court entered an order modifying the final judgment, and the child support payments were increased from $200 per month to $583 per month. The appellant filed a timely notice of appeal.
A party seeking modification of a child support provision in a final judgment of dissolution of marriage has the burden of showing a substantial change of circumstances, including the financial circumstances of one or both of the parties. Furthermore, when the amount of child support payments is based upon an agreement between the parties, as in this case, a heavier burden rests upon the party seeking modification. Nolte v. Nolte, 544 So.2d 1146 (Fla. 2d DCA 1989); Lacy v. Lacy, 413 So.2d 472 (Fla. 2d DCA 1982). The appel- *877 lee did not carry her burden in this case. We realize that it is not our function in reviewing the order before us to reevaluate the testimony presented to the trial judge or to substitute our judgment for his. It is our duty, however, to carefully review the record to see whether his judgment is in fact supported by competent evidence. Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978). The record in this case does not support a modification of child support payments.
The wife not only failed to present sufficient competent evidence to establish that the needs of the parties’ child had substantially increased in the nine month period since the final judgment had been entered, but she also failed to establish that her ability to help support the child had diminished or that the appellant’s ability had substantially increased. The only significant evidence submitted to the court related to a bonus received by the husband after the final judgment had been entered. When the parties entered into the settlement agreement, the appellee knew that the appellant had received bonuses in the past and had to reasonably expect that he would in the future. The fact that the bonus was larger than in past years, in itself, is not sufficient evidence to carry the appellee’s burden under the facts of this case. Changed circumstances sufficient to justify a modification of child support must be unanticipated and significant. Lewis v. Lewis, 450 So.2d 1123 (Fla. 2d DCA 1983), review denied, 451 So.2d 849 (Fla.1984). See also In re Johnson, 352 So.2d 140 (Fla. 1st DCA 1977) (a change in child support is warranted only upon changed circumstances which are substantive, material, involuntary, and permanent in nature).
We, accordingly, reverse and remand for the entry of an order denying the appel-lee’s motion to modify the child support payments.
Reversed.
HALL and CAMPBELL, JJ., concur.