PER CURIAM.
The former husband appeals an order modifying the final judgment of dissolution of marriage. He argues that the trial court erred in departing from the child support guideline amount without making a specific finding as to why the guideline amount would be unjust or inappropriate, as required by section 61.30(l)(a), Florida Statutes (1995). Although at the modification hearing the trial court stated several reasons for increasing child support, the reasons do not satisfy the requirements of section 61.30(l)(a), or other *705 wise support a departure from the guideline amount. We therefore reverse that portion of the order that increases the former husband’s child support obligation to $500.00 per week.
The final judgment of dissolution of marriage was entered in February 1986. The final judgment directed the former husband to pay $140.00 per week as child support for the parties’ two minor children. At that time, the former husband’s annual 'income was approximately $20,000. In 1992, the parties agreed to increase child support to $229.92 per week. In September 1994, the former wife filed the instant petition seeking an additional increase in child support.
At the modification hearing, the trial court relied on the former husband’s financial affidavit and found that his gross annual income was $67,000. The former wife had quit her job as a dental hygienist, and the parties agreed to impute a $628.00 net monthly income to her. The trial court increased the former husband’s child support obligation to $500.00 per week, which represented the guideline amount of $329.00 per week, plus a deviation of $171.00 per week.
A party seeking a modification of child support has the burden of proving a substantial change of circumstances, including the financial circumstances of one or both of the parties. Allen v. Allen, 569 So.2d 875 (Fla. 2d DCA 1990). The child. support guidelines may provide the basis for proving a substantial change in circumstances if the difference between the existing order and the amount provided for under the guidelines is at least fifteen percent or $50, whichever is greater. § 61.30(l)(b), Fla.Stat. (1995). The difference between the existing order and the guideline amount in this case is approximately thirty percent; thus the record demonstrates a substantial change in circumstances.
The trial court calculated the former husband’s guideline obligation as $329.00 per week. Section 61.30(l)(a) permits the trier of fact to “order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.” The $500.00 per week child support obligation ordered by the trial court in this case exceeded the guideline amount by more than five percent. Therefore, the trial court was required to make the necessary finding. The failure to make the finding required by section 61.30(l)(a) is reversible error. Stewmon v. Stewmon, 654 So.2d 259 (Fla. 2d DCA 1995).
In the transcript attached to the order modifying the final judgment, the trial court listed several reasons for increasing the former husband’s child support obligation. The trial court properly considered several of the statutory factors for adjusting the guideline child support award, including the greater needs of the older child, the refusal of the former husband to become involved in the children’s activities, the total assets of the former husband, and the former husband’s good fortune. See § 61.30(11), Fla.Stat. (1995); Boyt v. Romanow, 664 So.2d 995 (Fla. 2d DCA 1995). The trial court did not, however, make a specific finding explaining why ordering payment of the guideline amount would be unjust or inappropriate, as is required under section 61.30(l)(a).
The trial court found that “Mrs. Rivera testified that she needs five hundred dollars a week.” This finding is not supported by the record. The former wife testified that, based upon the former husband’s financial affidavit and the needs of the children, she believed $500.00 per week was an appropriate amount for the former husband to pay. With regard to the children’s needs, she testified that her twelve-year-old son grows five and one-half inches a year and that his clothing is an adult expense. She said she has to buy her children’s clothes on sale. She testified that her children want the best of everything, but she is unable to afford such things as Nike Airs. She also stated that she has never been able to take them on a vacation. She did not give a value for these expenses. She also testified that she incurs significant expense for her children’s athletic activities; this expense was included on her financial affidavit. Her financial affidavit provides the only evidence regarding the value of the *706 children’s needs. The affidavit reflects total monthly expenses of $1,736.88.
The trial court noted that children are entitled to share in the good fortune of their parents. Good fortune child support is the difference between the child support guideline amount and the child’s actual needs, as shown by the evidence. Boyt, 664 So.2d at 996-97. As noted, the former wife’s evidence demonstrated that the value of her monthly expenses for the children was $1,736.88. By using the trial court’s calculation of the husband’s guideline obligation and accounting for the former wife’s guideline obligation based on her imputed income, we have determined that the guideline child support amount pursuant to section 61.30(6) is $1,609.00 per month. The former husband’s good fortune would therefore support an additional award of $127.88 per month, but not the $735.30 per month variation ordered by the trial court.
The trial court also considered the former husband’s total assets. There was testimony that the former husband owned one-third of a corporation that was valued at approximately $400,000 and had significant retained earnings as a corporate asset. On appeal, the former wife argued that the corporation improperly retained the earnings to keep the former husband’s income artificially low. The trial court, however, did not make a finding, nor is there evidence to support a finding, that the corporation retained the earnings with an intent to decrease the former husband’s available income.
Because the trial court ordered payment of child support in an amount that varied from the guideline amount by more than five percent without making the specific finding required by section 61.30(l)(a), we reverse and remand for further proceedings.
Reversed.
THREADGILL, C.J., and PATTERSON and QUINCE, JJ., concur.