734 So.2d 473 (1999)
Wendy B. TAYLOR, Appellant,
v.
James W. TAYLOR, Appellee.
Nos. 98-1276, 98-2061.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
*474 Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Ann H. Perry of Hanson, Perry & Jensen, P.A., West Palm Beach, for appellant.
Lawrence Duffy of Nicoletti, Duffy, Poncy & Edwards, P.A., West Palm Beach, for appellee.
KLEIN, J.
Appellant argues that the trial court abused its discretion in denying her petition for an upward modification of child support and in denying her attorney's fees, in light of her former husband's ample ability to pay. We affirm.
The parties have two children, ages fourteen and nine. The mother is employed as a secretary earning $25,000 a year. Her only asset of any significance, besides her home and car, is a $30,000 bank account. The father does not have to work. His most recent gross annual income was $247,000, which consisted of interest from $1,100,000 in stocks and bonds and distributions from trusts.
The mother filed this petition for increased child support on the ground that since the last determination of child support, in 1991, the husband's income had increased by about fifty percent, and so had the value of his stocks and bonds. The trial court concluded that the mother had failed to demonstrate a sufficient change in the needs of the children to warrant modification. In the order the court noted that the father has been paying $3,000 a month child support, plus private school tuition, and medical expenses, which is substantially more than the guideline child support. The court further observed:
The evidence of increased need was scant. A wish for a $300.00 baseball bat or a tuxedo for a fourteen year old as argued by Petitioner does not establish increased need on the part of the children.
The mother argues, based on Miller v. Schou, 616 So.2d 436 (Fla.1993), that children of wealthy people are entitled to share their standard of living. In the present case, however, the court found that these children, even considering the substantial wealth of their father, lacked nothing. The evidence showed that the father was willing to pay for camp, extracurricular activities, sports equipment, etc., in addition to his fixed obligations. Moreover, the evidence did not show that the parties lived lavishly when they were married or that the father lives lavishly now. Rather it is the philosophy of the father, as well as his family, that the trusts be maintained in order to ultimately benefit his issue, including these children, rather than invading the corpus in order to live more extravagantly now. We therefore affirm because the mother has failed to demonstrate that the trial court abused its discretion. Creel v. Creel, 568 So.2d 942, 943 (Fla. 3d DCA 1990).
As to the denial of attorney's fees, we note that the trial court did award temporary attorney's fees of $6,500 and temporary costs of $5,000. After the trial, at the hearing requesting about $14,000 in additional fees and costs, the court observed that "it appears that there was ... very little, if any, change in circumstances that would warrant a modification. And *475 the Court is very concerned that this is just the type of vexatious and frivolous litigation that Rosen [v. Rosen, 696 So.2d 697 (Fla.1997)] was meant to address." In its order denying additional fees and costs, the court characterized the case as "one which probably should not have been brought."
Although our supreme court in Rosen held that the financial resources of the parties is the primary factor to be considered when awarding fees, it also held that trial courts have "broad" discretion to consider a number of other factors, including the merits of the litigation. We cannot say, considering the evidence and the trial court's conclusions as to the merits of the petition for modification, that the court erred in not requiring the father to pay all of the mother's attorney's fees and costs.
Although the trial court concluded that the petition for modification was so lacking in merit that attorney's fees should be denied under Rosen, the court nevertheless awarded temporary attorney's fees of $5,000 and costs of $2,000 for this appeal. The father, pursuant to rule 9.600(c)(3), seeks review of that order by motion.
Section 61.16(1), Florida Statutes (1995) provides that temporary fees and costs necessary to prosecute an appeal are awarded "on the same basis and criteria as though the matter were pending" at the trial level. It appears, at first blush, that the trial court was inconsistent when it denied attorney's fees for work in the trial court because the proceeding was lacking in merit, but awarded temporary fees and costs so that the mother could prosecute the appeal. On the other hand, the trial court may have had concerns about his rulings and wanted to give the mother the benefit of the doubt, with the ultimate resolution left to this court. In any event, we cannot say that the trial court abused its broad discretion under Rosen to award temporary appellate fees and costs, but we do note that temporary fees and costs to prosecute appeals should not be awarded automatically. It is difficult to demonstrate an abuse of discretion on appeal from a trial court's denial of a petition for modification in a case such as this, and a trial court should, in an objective manner, take that into consideration when deciding whether to award suit money for the appeal.
We also have pending the mother's motion for additional attorney's fees for the appeal, because the amount awarded for temporary fees was insufficient. The father argues that we should find that this appeal was lacking in merit and, under Rosen, deny additional fees. When the legislature amended section 61.16 in 1994, Chapter 94-169, § 1, at 1039, Laws of Florida, it included the following sentence: "In determining whether to make attorney's fees and costs awards at the appellate level, the court shall primarily consider the relative financial resources of the parties, unless an appellate party's cause is deemed to be frivolous." Although this provision in section 61.16 is worded differently from the portions of the statute applicable to trial courts, it is very similar to Rosen in that it says that financial resources are the primary factor to be considered. We apply Rosen and, under that portion of Rosen allowing courts to consider the merits of the litigation in awarding fees, deny the mother's motion for additional appellate fees.
Affirmed.
TAYLOR and HAZOURI, JJ., concur.