PER CURIAM.
These two cases arise from a modification proceeding filed by appellant, Faye Eubanks Daugharty, pursuant to section 61.16, Florida Statutes (1997). Case No. 1D00-2204 is an appeal from a final order denying appellant’s petition for modification of alimony, and Case No. 1D00-3073 is an appeal from a final order ruling on appellant’s motion for attorney’s fees in connection with the modification proceeding. We consolidate the cases for the purpose of this opinion.
A final judgment of dissolution of marriage, which incorporated the parties’ stipulation, was entered on February 4, 1981. Since then, ten appeals have been filed before this court from post-judgment proceedings below, and two petitions for review have been filed in the Florida Supreme Court.
We conclude that the trial court did not abuse its discretion in determining appellant failed to satisfy her burden of proof in the modification proceeding. See Bedell v. Bedell, 583 So.2d 1005, 1007 (Fla.1991) (explaining burden of proof for modification based on increased financial ability); Pimm v. Pimm, 601 So.2d 534, 536 (Fla. 1992) (explaining burden of proof for change in circumstances).
We likewise find no abuse of discretion in the attorney’s fee awarded under the circumstances. See Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997) (in determining entitlement to attorney’s fees, court may consider, in addition to need and ability to pay, the scope and history of the litigation, the duration of the litigation, the merits of the respective positions, whether the litigation is brought or maintained primarily to harass, and the existence and course of prior or pending litigation); Taylor v. Taylor, 734 So.2d 473 (Fla. 4th DCA 1999) (affirming award of temporary attorney’s fees in modification and denial of additional request for fees).
Both orders are therefore AFFIRMED.
Appellant’s motion for appellate attorney’s fees is DENIED. See Rosen; Taylor.
ERVIN, BOOTH and ALLEN, JJ., Concur.