RAMIREZ, J.
George Bunassar appeals the denial of his petition for downward modification of child support. We reverse.
Bunassar is a real estate broker and was employed by a nationally known firm at the time he entered into a settlement agreement with his former wife in March, 1996. Under the agreement, Bunassar agreed to pay $1,000 per month in child support, an amount in excess of the guidelines. The agreement was based on Bu-nassar’s 1995 earnings of $37,000. In 1996, Bunassar earned approximately $3,155 per month compared to Ms. Diaz, who was earning $1,186 per month as a dental hygienist.
In June, 1997, Bunassar was fired. After six months of unemployment, Bunassar petitioned the court for modification of his child support obligation. At the time of the modification hearing in October, 1999, Bunassar was employed as a broker at a new real estate office with only two associates. His base salary was $2,000 per month and he had expectations of future commissions once he built up the sales force and the business. Ms. Diaz was now earning $2,866 per month. The trial court denied the modification based on Bunas-sar’s testimony that the new position could eventually return him to his previous financial condition, and thus his change in circumstances was not permanent.[1] We disagree.
A petitioner seeking a modification of child support must demonstrate a substantial change in circumstances. Overbey v. Overbey, 698 So.2d 811, 813 (Fla.1997). A substantial change in circumstances must be significant, material, invol *489 untary, and permanent in order to warrant a reduction in payments. Id. at 814.
In Seward v. Florida Dep’t of Revenue, 794 So.2d 614 (Fla. 2d DCA 2001), Seward was earning $33,000 per year when he went on medical leave due to violence in the workplace. When the employer failed to correct the problem, Seward sought other employment, but remained unemployed for almost one year. At the time of the hearing, Seward had been employed at his new position for two years and was earning $18,000 per year. The court held that Seward had demonstrated a substantial change in circumstances and a downward modification was warranted. See also Knight v. Knight, 702 So.2d 242, 246 (Fla. 4th DCA 1997) (reduction in cash flow of $10,500 per year due to loss of depreciation on real estate properties was substantial change of circumstances so as to reduce father’s child support obligation).
In the instant case, Bunassar was unemployed when he sought modification. At the time of the hearing, he was earning approximately thirty-five percent less than when he entered into the settlement agreement and had been unemployed or only temporarily employed for most of the two previous years. In contrast, Ms. Diaz’s earnings had more than doubled. Thus, the change in circumstances was substantial and, as in Seiuard, warranted a reduction in child support. Accordingly, we reverse the denial of child support modification.
We find no merit in the former wife’s argument that Bunassar has not had a substantial change in circumstances because, although his earnings have decreased, so have his expenses. By having his earnings substantially reduced, Bunas-sar naturally had to decrease his expenses accordingly. He should not be penalized for attempting to live within his means. Neither can any financial assistance received by Bunassar from his girlfriend be assessed against him where there was no evidence that she would continue to provide such help in the future. See Vorcheimer v. Vorcheimer, 780 So.2d 1018 (Fla. 4th DCA 2001)
Reversed and remanded with instruction to grant a downward modification in child support commensurate with both parties’ financial situations pursuant to the guidelines.

. At the suggestion of counsel for Diaz, the trial court did reduce child support to $709.94 per month during the period of Bu-nassar's unemployment. This constituted 100% of the unemployment benefits he collected at the time-hardly a magnanimous concession given the circumstances.