PER CURIAM.
Diane D. Ferraro, n/k/a Diane Deighton (the Mother), appeals from an order denying her petition to modify child support. We affirm.
The parties have three children. When their marriage was dissolved, the court ordered James L. Ferraro (the Father) to pay child support. In the parties’ most recent child support modification agreement, the Father agreéd to pay child support of $12,000 per month directly to the Mother. Thereafter, the Mother petitioned the court for an upward modification of this amount.
The Mother’s petition was referred to a general magistrate who held a two-day trial. The general magistrate found that since the previous modification agreement, the Father has consistently and continuously paid the Mother the $12,000 per month in direct child support.
In addition, the Father has paid for medical, health, and dental insurance costs, one half of all medical, health, and dental expenses over $3,000 per year, and all private school tuition, fees, books, and tutoring costs for all three children. The general magistrate also found that the Father is paying all expenses, including tuition, fees, books, room and board, and incidentals for the parties’ oldest son who is away at college.
The trial court requested the general magistrate to provide more specific findings. The general magistrate further found that the parties’ middle child is currently in a full-time residential facility for which the Father is paying. Additionally, the Father is paying the oldest, child’s automotive expenses of approximately $1,500 per month, as well as the cell phone bills for all three children. The Father also pays for all expenses on the former marital residence where the Mother and the youngest child reside.
The general magistrate also recognized that a strict mathematical application of the child support guidelines obligates the Father to approximately $44,680 per month in child support. However, the general magistrate again recommended denial of the Mother’s motion to modify the child support.
The trial court carefully considered the evidence in the case and the general magistrate’s findings and conclusion. It agreed with the general magistrate’s recommendation that the circumstances warranted deviating from the guidelines. See 61.30(l)(a), Fla. Stat. (2002) (stating that a trier of fact may order child support which *828 varies from the guideline amount where the guideline amount would be unjust or inappropriate); Finley v. Scott, 707 So.2d 1112, 1116 (Fla.1998) (affirming that the actual expenditures for the needs of the child should be weighed in determining whether to vary the guideline amount).
In Miller v. Schou, 616 So.2d 436, 438 (Fla.1993), the Florida Supreme Court held that an increase in ability to pay is itself sufficient to warrant an increase in child support. However, the Court recognized that “[t]he child is only entitled to share in the good fortune of his parent consistent with an appropriate lifestyle,” and “Florida’s trial courts are fully capable of making the determination of an appropriate amount of support in these cases.” Miller, 616 So.2d at 439; see also Taylor v. Taylor, 734 So.2d 473 (Fla. 4th DCA 1999) (denying modification where the court found that the children, even considering the substantial wealth of their father, lacked nothing).
Here, the general magistrate found that the children’s needs were being met by the $12,000 the Father was paying directly to the Mother, as well as the additional indirect payments of at least $16,770. This finding was supported by competent substantial evidence. Where a general magistrate is appointed to make factual determinations, the trial court is bound by such determinations provided they are supported by competent substantial evidence which are not clearly erroneous. Robinson v. Robinson, 928 So.2d 360, 362 (Fla. 3d DCA 2006).
Accordingly, we affirm the order denying a modification of child support under the overwhelming circumstances in this case.
Affirmed.
GERSTEN, C.J. and GREEN, J„ concur.