KHOUZAM, Judge.
Amy Caudill-Rosa, the Former Wife, appeals a final judgment dissolving her marriage to Albert Rosa, the Former Husband. Because the trial court failed to support its deviation from the child support guidelines with specific written findings, we reverse and remand for further proceedings addressing the child support *615 award. We affirm as to the remaining issues without comment.
Although the trial court has discretion to deviate from the child support guidelines, where the deviation is greater than five percent of the guideline amount the court must provide written findings supporting the deviation. See § 61.30(l)(a), Fla. Stat. (2012). The failure to do so constitutes reversible error. Lotz v. Lotz, 686 So.2d 704, 705 (Fla. 2d DCA 1996).
Here, the trial court deviated from the guidelines by more than five percent without written findings in support. Of the three versions of guidelines in the appellate record (two submitted by the Former Wife and one by the Former Husband), none are within five percent of the amount awarded. There may be reasons to support the trial court’s deviation from the guideline amount. However, the trial court did not explain why ordering payment of the guideline amount would be unjust or inappropriate as required under section 61.30(l)(a), and therefore we are compelled to reverse. On remand, if the trial court again elects to deviate from the guidelines by more than five percent, it must make the requisite findings pursuant to the statute.
Affirmed in part; reversed in part; remanded for further proceedings.
DAVIS, C.J., and SLEET, JJ., Concur.