# Third District Court of Appeal

## State of Florida

Opinion filed December 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0304
Lower Tribunal No. 16-19659
_____

**Alfredo Francisco Gonzalez,**
Appellant,

vs.

**Caridad Pilar Calles,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Law Offices of E.I. Friedman, P.A., and Eyal I. Friedman, for appellant.

Isenberg Family Law Group, and Douglas Isenberg and Erica Whittler, for appellee.


Before EMAS, LINDSEY and LOBREE, JJ.

EMAS, J.

## INTRODUCTION

Alfredo Gonzalez ("the Father") appeals a final judgment granting the supplemental petition of Caridad Calles ("the Mother") for modification of child support, as well as denying the Father's counter-petition for modification of timesharing. Finding no abuse of discretion in the determinations made in the trial court, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were divorced on February 6, 2017 and have one minor child in common. The Father was ordered to pay child support to the Mother in the amount of $331.50 per month. In 2021, the Mother filed a supplemental petition for modification of child support, alleging there had been a substantial change in circumstances, necessitating a modification of child support payments. Specifically, the Mother asserted that the Father's income had substantially increased since the entry of final judgment, that there was a greater need by the child, and that the Father had not complied with the existing timesharing agreement.

The Father answered the Mother's supplemental petition, asserting he had complied with timesharing, but the mother had not; that she failed to show a substantial, material, and unanticipated change in circumstances; and that the Mother "is better able to contribute to the support of the minor

child." The Father also filed a counter-petition for modification of timesharing, seeking 50/50 timesharing and a modification of child support based on that proposed modified arrangement. In support, the Father alleged that since the dissolution of marriage, there had been a substantial, material and unanticipated change in circumstances which necessitated a modification of timesharing (and child support). The Father alleged that, at the time of the dissolution, he had been living in a small efficiency with no room for the child, but has since purchased a home which has a bedroom for the child. The Father further alleged that he has since remarried, that his marriage has provided him more "financial flexibility" and that his new wife can "share in the duties of caring for the child."

Thereafter, a general magistrate heard the parties' petitions. After considering the testimony of the parties, as well as the financial affidavits, tax returns, and other documentation provided by the parties, the general magistrate determined that the Mother had met her burden of establishing a substantial, material, and unanticipated change in circumstances to justify modification of child support, and recommended the trial judge grant her supplemental petition and order the Father to pay $506.22 per month in child support.

The general magistrate further determined that the Father did not meet his burden of establishing a substantial, material, and unanticipated change in circumstances to justify timesharing modification, and recommended that the trial judge deny his counter-petition.

Thereafter, the trial court held a hearing on the Father's exceptions to the general magistrate's report and recommendation. Following the hearing, the trial court denied those exceptions, granted the Mother's supplemental petition to modify child support, and denied the Father's counter-petition to modify timesharing.

This appeal followed, and we review the trial court's order under an abuse of discretion standard. Trainor v. Mendez Cisneros, 276 So. 3d 371, 372 (Fla. 3d DCA 2019).

**ANALYSIS AND DISCUSSION**

● The Mother's Petition for Modification of Child Support

We begin with section 61.13(1)(a)2., Florida Statutes (2024), which provides:

> The court initially entering an order requiring one or both parents to make child support payments has continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments if the modification is found by the court to be in the best interests of the child; . . . [or] there is a substantial change in the circumstances of the parties. . . ."

The record on appeal established that the Father's income more than doubled between 2017 and 2024. There was also testimony that the Mother and child were living in a one-bedroom apartment because that is all the Mother could afford. The testimony and other evidence presented at the hearing before the general magistrate supported the conclusion that, under the circumstances presented, and in light of the substantial increase in the Father's salary, a corresponding increase in child support would be in the child's best interest. See Gore v. Smith, 306 So. 3d 997 (Fla. 3d DCA 2020) (where evidence showed that the Father's income had substantially increased, the trial court did not abuse its discretion in granting Mother's petition for an upward modification of child support (citing Miller v. Schou, 616 So. 2d 436, 438 (Fla. 1993)) (which held that "an increase in ability to pay is itself sufficient to warrant an increase in child support).

We therefore affirm the trial court's order granting the Mother's supplemental petition for modification of child support. See Bunassar v. Diaz, 804 So. 2d 487 (Fla. 3d DCA 2001) (finding substantial change in circumstances where Mother's income had more than doubled); Creel v. Creel, 568 So. 2d 942 (Fla. 3d DCA 1990) ("A substantial change of circumstances may be demonstrated by an increase in the child's needs or a substantial increase in the noncustodial parent's income."); Meltzer v.

5

Meltzer, 356 So. 2d 1263 (Fla. 3d DCA 1978) (holding: "Where the appellant establishes a prima facie case for an increase in child support, it is an abuse of discretion for the lower court not to make some award . . . . [e]ven where the only change in circumstance is nothing more than a substantial increase in the earnings of the former spouse, child support may nonetheless be increased."); Thompson v. Thompson, 402 So. 2d 1220 (Fla. 5th DCA 1981) (suggesting "that a 10 percent change, up or down, in an obligor's disposable income, could constitute a substantial change in circumstances justifying an adjustment of [child] support").

● The Father's Counter-Petition for Modification of Timesharing

As to the Father's counter-petition for modification of the timesharing arrangement, the Father contended that his timesharing should be modified (to provide for 50/50 timesharing), because he now lives in a bigger house with a bedroom for the minor child and his new wife can drive the child to school. Section 61.13(3), Florida Statutes (2024) provides:

> For purposes of establishing or modifying parental responsibility and creating, developing, approving, or modifying a parenting plan, including a timesharing schedule, . . . the best interests of the child must be the primary consideration. A determination of . . . a time-sharing schedule may not be modified without a showing of substantial and material change in circumstances and a determination that the modification is in the best interests of the child.

6

The Father was thus required to show that: "(1) circumstances have substantially and materially changed since the original custody determination, (2) the change was not reasonably contemplated by the parties, and (3) the child's best interests justify changing custody." Reed v. Reed, 182 So. 3d 837, 840 (Fla. 4th DCA 2016). Further, "there is a presumption in favor of the reasonableness of the original decree." Id.

We find our sister court's decision in Villalba v. Villalba, 316 So. 3d 366 (Fla. 4th DCA 2021) to be on all fours with the instant case. In Villalba, the former husband sought to modify the timesharing schedule (which provided the former husband with roughly 20% timesharing) to permit a 50/50 arrangement. The former husband sought this change because, although at the time of the dissolution he lived with his parents and did not have a bedroom for his children, he had since moved to a home with an extra bedroom for the children. The trial court denied the petition for modification and the Fourth District affirmed, holding: "Florida courts have repeatedly held that a parent's mere move or life improvement to an environment more conducive to children is not a substantial, material, and unanticipated change in circumstances to justify modification of timesharing." Id. at 368. See also Bryan v. Wheels, 295 So. 3d 889 (Fla. 1st DCA 2020) (holding mother's move from New Jersey back to Florida where the children live is insufficient

7

to establish the requisite substantial change in circumstances); <u>Reed</u>, 182 So. 3d at 841 ("The fact that the father now has a relatively stable home environment is, in and of itself, inadequate to constitute a substantial change in circumstances."); <u>Bartolotta v. Bartolotta</u>, 687 So. 2d 1385, 1387 (Fla. 4th DCA 1997) (holding that "the relative stability of a parent's home environment is itself inadequate to constitute a substantial and material change.")  We find no abuse of discretion in the trial court's denial of the Father's counter-petition for modification of timesharing.

## **<u>CONCLUSION</u>**

We therefore affirm the trial court's order granting the Mother's supplemental petition for modification of child support and denying the Father's counter-petition for modification of timesharing.

Affirmed.